## WISEMAN v
## GREAT ATLANTIC & PACIFIC TEA CO

Ohio Appeals, 9th Dist, Summit Co

No 2094. Decided April 26, 1933

Waters, Andress, Wise, Roetzel & Maxon, Akron, and A. V. Cook, Akron, for plaintiff in error.

Kuth & Ehrke, Cleveland, and O. L. Dally, Akron, for defendant in error.

STEVENS, J.

Sec 12760 GC, provides that—

"Whoever sells, offers for sale or has in possession with intent to sell, diseased, corrupted, adulterated or unwholesome provisions without making the condition thereof known to the buyer, shall be fined not more than fifty dollars or imprisoned twenty days, or both."

A careful reading of the record in this case persuades this court to the conclusion that there was entirely credible evidence, far in excess of a mere scintilla, presented by the plaintiff, to the effect that the bread sold by defendant to plaintiff was corrupted and unwholesome, and that defendant did not make known to the buyer the condition thereof.

Such evidence brought the case squarely within the provisions of §12760 GC, supra.

The pronouncement of our Supreme Court in the case of **Portage Markets Co. v George, 111 Oh St 775,** is as follows:

"2. The violation of the pure food laws of this state by the sale of unwholesome meat is negligence per se, and may be the basis of recovery for damages by the user of said unwholesome meat, who suffers injury proximately resulting therefrom, provided the user is not himself guilty of negligence in the care, preparation, cooking, or in any other manner which contributes directly to his injury."

This holding, under the undisputed evidence herein, would make the defendant guilty of negligence per se. The plaintiff had a right to rely upon the implied warranty that the food sold to her was wholesome and fit for human consumption.

"Where food is manufactured and sold for human consumption, there is an implied warranty that it is wholesome and fit for human consumption."

Chysky v Drake Bros., Inc., 182 N. Y. S. 459.

The record testimony not raising an implication of contributory negligence upon the part of plaintiff, it was error for the trial court to direct a verdict for defendant.

For error in directing a verdict for defendant, the judgment is reversed and the cause remanded for further proceedings according to law.

FUNK, J, concurs in judgment.

WASHBURN, PJ, not participating.